In the Matter of the Application of MICHAEL E. FINNIGAN, Appellant, for a Writ of Mandamus to GRANVILLE W. HARMAN, as Register of the County of Kings, and HENRY C. SAFFEN, as Clerk of the County of Kings, Respondents.

*Mandamus — requires a clear legal right and the absence of another legal remedy — construction of an act relative to indexing deeds in Kings county.*

A writ of mandamus will not be granted to enforce a contract unless the petitioner proves that he has a clear legal right and that there are no adequate legal means for its enforcement.

*It seems*, that where the register and county clerk of the county of Kings employ a superintendent to carry out the provisions of chapter 365 of the Laws of 1894, relative to indexing and reindexing conveyances, mortgages and other instruments relating to lands and liens thereon in the county of Kings, such employment does not extend beyond the term of office of the officers who employed the superintendent.

*It seems*, that, as section 30 of said act merely authorizes the employment of a superintendent for the purposes of the act, it is optional with the officers having power in the premises whether they will appoint a superintendent or not, but that, however they may have decided the question, their decision cannot control the action of those who succeeded them in office.

PRATT, J., dissenting.

APPEAL by the applicant, Michael E. Finnigan, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 24th day of June, 1895, denying his motion for a writ of mandamus as amended *nunc pro tunc* by an order entered in said clerk's office on the 24th day of July, 1895.

*Almet F. Jenks*, for the appellant.

*William G. Cook*, for respondent Harman.

*Hirsh & Rasquin*, for respondent Saffen.

BROWN, P. J. :

On October 9, 1894, pursuant to section 30 of chapter 365 of the Laws of 1894, Thomas J. Kenna and John Cottier, then respectively register and clerk of Kings county, entered into a contract with Michael E. Finnigan, whereby said Finnigan was employed for the

purpose of superintending the carrying out of all of the provisions of said act, being an act relative to indexing and reindexing conveyances, mortgages and other instruments relating to lands and liens thereon in the county of Kings. For such services he was to receive $4,000 for each year, and at that rate for each fraction of a year "until all the work under the said act is completed."

The respondents were respectively elected to the offices of register and clerk of said county at the general election in November, 1894, and entered upon the discharge of the duties of said offices on January 1, 1895. On January second said respondents employed one Mosscrop to act as superintendent in connection with the work to be performed under said statute, and said Finnigan was discharged. This proceeding was thereupon commenced to compel the present register and clerk to recognize Finnigan as the superintendent authorized to be employed by the act aforesaid, and to afford him access to the books and papers in said register's and clerk's offices.

The appellant contends that his employment was under a valid contract which continues until all the work authorized under said act is completed.

We agree with the Special Term that if that claim is sound the appellant has an adequate remedy at law, and is not entitled to a writ of mandamus. It is only when there is a clear legal right and no adequate legal means for its enforcement that a writ of mandamus will be granted.

We think that it is very doubtful whether the register and county clerk who employed the appellant had a right to enter into a contract for the employment of a superintendent for the purpose of carrying out the provisions of the law aforesaid, which would extend beyond the expiration of their terms of office. We incline to the opinion that they had not such power.

The act provides for the doing of many things by those officers, the performance of which would extend beyond the terms of office of the register and clerk in office at the time the act was passed. Section 30 authorizes such officers to employ a superintendent, but it does not command it. It was left optional with them whether they should do so or not. Those in office when the act was passed could deter-

mine that question for themselves, but we are of the opinion that they could not control the discretion vested in their successors. The officers charged with the duty of carrying out the law have a right, we think, to exercise their own discretion and judgment as to whether they will employ a superintendent or not, and if they do employ one as to who he shall be. It is sufficient, for the purpose of this proceeding, for us to say that the right of the applicant to enforce his contract against the present register and clerk is not clear, and that for that reason the motion was properly denied. The case of *The People ex rel. Stanley* v. *Van Siclen* (43 Hun, 537) is not analogous to the case before us. In that case the relator held her office pursuant to a statute of the State, and had been illegally removed, and the court held that she could not, in the illegal manner there stated, be deprived of her position.

The order appealed from must be affirmed, with ten dollars costs and disbursements.

DYKMAN, J., concurred; PRATT, J., dissented.

Order affirmed, with ten dollars costs and disbursements.